■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY WHITE, Appellant.— Appeal by defendant: (1) from a judgment of the County Court, Kings County, rendered April 2, 1959, convicting him of robbery in the first degree and sentencing him, as a second felony offender, to an indeterminate term of 20 to 30 years; and (2) from the denial by the Trial Judge of motion to set aside the verdict. Judgment reversed on the law and the facts, and a new trial ordered. Defendant was tried for the crime of which he was convicted with a codefendant who had confessed his guilt. On the occasion of this defendant's arrest he had made a statement to the arresting officer in which he admitted that he was present, outside the premises where the robbery was committed, at the time of its commission, and that he had later received part of the proceeds of the crime. He did not admit or confess, however, that he had participated in the robbery, or that he was guilty of committing it as an accomplice. In summation, the prosecutor referred to the statements by both defendants as confessions that they had committed the crime, and argued for conviction because they had told the District Attorney they had committed it. Similarly, in his charge the learned County Judge made no distinction between the statement made by this defendant and that of his codefendant and referred to such statements as confessions by both defendants that they were guilty and that they had committed the crime charged against them in the manner described by the complainant. Although we do not doubt that all these erroneous references to the statement made by this defendant were inadvertent, nevertheless such references were highly prejudicial and require a new trial in the interests of justice

(Code Crim. Pro., § 527). In the circumstances, the appeal from the denial of the motion is dismissed as academic. In any event, no separate appeal lies from the denial of a motion to set aside a verdict. (*People* v. *Savage*, 5 A D 2d 846.) Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.